O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BILLY WAYNE GORDON, JR.,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

Case No. 5:16-CV-01676 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In July of 2013, Plaintiff Billy Wayne Gordon, Jr. applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Young Cho, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 20, 21). On May 12, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 19).

## II. BACKGROUND

Plaintiff applied for benefits on July 11, 2013, alleging disability beginning March 24, 2012. (T at 162-63, 164-69).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 21, 2015, a hearing was held before ALJ Dana E. McDonald. (T at 34). Plaintiff appeared *pro se*, was advised of his right to an adjournment to obtain counsel, but agreed to proceed and testified. (T at 37-45, 47-48). The ALJ also received testimony from Randy Hetrick, a vocational expert (T at 45-52).

On January 26, 2016, the ALJ issued a written decision denying the applications for benefits. (T at 16-33). The ALJ's decision became the

---

[2] Citations to ("T") refer to the administrative record at Docket No. 17.

Commissioner's final decision on June 2, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On August 2, 2016, Plaintiff, acting by and through counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on December 27, 2016. (Docket No. 16). The parties filed a Joint Stipulation on March 22, 2017. (Docket No. 18).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.   Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

B.   **Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 24, 2012 (the alleged onset date) and met the insured status requirements of the Social Security Act at all times relevant to the decision. (T at 21). The ALJ found that Plaintiff's hypertension, depression, post-traumatic stress disorder, lower extremity edema, cognitive disorder, and polysubstance abuse (in remission) were "severe" impairments under the Act. (Tr. 21).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 22).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: he can lift 20 pounds occasionally and 10 pounds frequently; he can perform postural activities (including climbing, balancing, stooping, kneeling, crouching, and crawling) occasionally; he must avoid concentrated exposure to hazards such as machinery and heights; and he can only focus in 2-hour intervals in an 8-hour day on simple tasks. (T at 23).

The ALJ found that Plaintiff could not perform his past relevant work. (T at 27). Considering Plaintiff's age (38 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28-29).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from March 24, 2012 (the alleged onset date) through January 29, 2016 (the date of the ALJ's decision). (T at 29). As noted above, the ALJ's

decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.  Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 18, at p. 4), Plaintiff offers two (2) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly weigh the medical opinion evidence. Second, Plaintiff challenges the ALJ's credibility determination. This Court will address both arguments in turn.

## IV. ANALYSIS

**A.  Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d

9

DECISION AND ORDER – GORDON v COLVIN 5:16-CV-01676-VEB

1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Robert Bilbrey, a psychologist, performed a consultative examination in November of 2013. Dr. Bilbrey diagnosed depression NOS, rule out dysthymia; post-traumatic stress disorder; polysubstance dependence in remission; and cognitive disorder NOS. (T at 387). He assigned a Global Assessment of Functioning ("GAF") score[3] of 60 (T at 388), which is indicative of moderate

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).

Dr. Bilbrey opined that Plaintiff would have marked difficulty interacting adequately with others; moderate difficulties concentrating or persisting independently at work-related activities at a consistent pace for a normal workday or workweek; and moderate difficulties responding to changes in a routine work setting. (T at 388). Dr. Bilbrey concluded that Plaintiff could follow one and two part instructions and handle simple tasks, but would have at least moderate difficulty learning complex tasks and would have marked difficulty conforming to a schedule that required regular and punctual attendance. (T at 388).

The ALJ gave "little weight" to Dr. Bilbrey's opinion. (T at 26). Plaintiff challenges this finding, arguing that the ALJ did not provide sufficient reasons for discounting the consultative examiner's assessment. For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

The ALJ found that Dr. Bilbrey's assessment of Plaintiff's limitations was "overly restrictive compared to his findings on examination." (T at 26). Indeed, while Dr. Bilbrey did note evidence of psychomotor retardation, slow speech, and

some memory deficits, he assigned a GAF score indicative of only moderate limitations and had generally unremarkable clinical findings (e.g. oriented in all dimensions, adequate attention and concentration, "somewhat dysphoric" mood, no evidence of disordered thought processes, basic insight and judgment "mostly intact," IQ scores "mostly in the average range"). (T at 386-87).

An ALJ may discount a medical opinion that is inconsistent with treatment notes or clinical findings. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, the ALJ's conclusion was supported by the assessment of Dr. Dara Goosby, a State Agency review consultant, who likewise concluded that Dr. Bilbrey's restrictive assessment of Plaintiff's limitations was not consistent with his clinical findings. (T at 59). Dr. S. Kleinman, another State Agency review consultant, affirmed Dr. Goosby's assessment. (T at 62). State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount an examining physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and

psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

The ALJ also determined that the overall medical record was not consistent with the marked limitations assessed by Dr. Bilbrey. (T at 26). Treatment notes from various providers contained generally unremarkable mental status examinations. No treating provider assessment limitations consistent with the marked assessment of Dr. Bilbrey. (T at 308-09, 320-21, 353, 442).

Dr. Troy J. Stettler, Plaintiff's treating neurologist, assigned a GAF score of 65. (T at 443). "A GAF of 61-70 indicates '[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008).

Dr. Bilbrey did not review any of Plaintiff's medical records. (T at 385). In contrast, Dr. Stephen Kleinman, a State Agency review physician, reviewed the record and assessed limitations consistent with the ALJ's RFC determination. (T at 80-81). Dr. Kim Morris, another State Agency review physician, reviewed the record and affirmed Dr. Kleinman's assessment. (T at 92).

This Court notes that Dr. Bilbrey was re-contacted and asked him to explain the apparent contradiction between his clinical findings and his overall assessment of Plaintiff's limitations. Dr. Bilbrey declined to provide any further detail or clarification. (T at 76).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Bilbrey's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, for the reasons outlined above, the ALJ's decision was supported by substantial evidence, including the overall treatment record and the assessments of multiple State Agency review physicians, and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence

DECISION AND ORDER – GORDON v COLVIN 5:16-CV-01676-VEB

reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He is married, with two children (ages 13 and 8), although neither child resides with him. (T at 39). He last worked in computer sales for Best Buy in 2013. (T at 40). He is clinically depressed, which causes social problems, stress, and suicidal ideation. (T at 41). He has tuberous sclerosis, which causes growths on his fingers, skin, and toes. (T at 43). Medical treatment is through the Veterans' Administration. (T at 43). Memory lapses are a problem. (T at 45).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 24).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ noted that Plaintiff's testimony was contradicted by the objective medical evidence. Plaintiff's mental health treatment generally consisted of medication management for depression and anxiety. (T at 25, 309, 341, 347, 352-53, 355). The State Agency review consultants assessed non-disabling limitations and no treating provider contradicted these conclusions. Although Dr. Bilbrey, the consultative examiner, assessed marked limitation in certain domains, as discussed above, the ALJ acted

within her discretion in discounting that opinion as inconsistent with the doctor's own findings and with the overall record. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the ALJ found that Plaintiff's activities of daily living, including his completion of college courses after the alleged onset date, provided a basis for discounting his claims of total disability. (T at 24). *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)(affirming ALJ's determination that discounted claimant's credibility, *inter alia*, based on evidence that claimant attended school part-time).

This is, of course, not to say that Plaintiff does not live with a certain degree of pain and level of limitation. Indeed, the ALJ incorporated several such limitations into the RFC determination. (T at 23). However, where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to

1 | more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir.
2 | 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir.
3 | 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are
4 | functions solely of the [Commissioner].").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 20th day of December 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE